UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAMUEL GARCIA, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. H-10-4231 |
| § | |
| TRIPLE D SECURITY CORPORATION, *et al*, § § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER

Pending before the Court is Plaintiff Samuel Garcia's ("Garcia") motion for conditional class certification pursuant to 29 USC § 216(b). Doc. 24. Garcia seeks certification of a class of similarly-situated employees in a Fair Labor Standards Act ("FLSA") claim against his employer, Defendant Triple D Security Corporation ("Triple D") alleging that Triple D failed to pay its workers overtime for hours worked in excess of 40 hours per week. *Id.*

Background

As stated in the complaint and in the motion for class certification, Triple D provides secure pick-up and delivery services for retailers and banks. *Id.* at 2. Triple D uses a fleet of fully armored Navistar 4700 cars, fully armored Dodge Sprinter Vans, and non-armored minivans. Some of the vehicles have a Gross Vehicle Weight Rating ("GVWR") above 10,000 pounds and some have a GVWR below 10,000 pounds. *Id.*

Triple D employs approximately 130 drivers/messengers who operate the vehicles and perform the pick-up and delivery services for Triple D's customers. *Id.* "For every pick up and delivery, two employees are utilized–a Driver and a Messenger. The Driver drives the vehicle and stays with the vehicle during pick up and delivery. The Messenger rides in the front

passenger seat of the vehicle and actually makes the pick-ups and deliveries. . . Employees of Triple D will often switch off serving as Driver or Messenger for different time periods." *Id.* Some or all of Triple D's employees drive both vehicles with a GVWR above 10,000 pounds and vehicles with a GVWR under 10,000 pounds. *Id.*

Garcia is a driver and messenger for Triple D. *Id.* He alleges that he and other drivers regularly worked more than 40 hours per week and that, as non-exempt employees under the FLSA, they are entitled to overtime pay at the rate of one-and-one-half of their regular pay for each hour worked in excess of 40 hours per week. Doc. 1 at 2. He further alleges that "Triple D does not pay its security drivers overtime. Instead, it pays these workers the same hourly rate for all hours worked." *Id.* at 3. Garcia alleges and Triple D admits that Triple D follows a policy or practice of paying its employees a "regular rate" of pay for each hour they work, regardless of the number of hours worked. Doc. 1 at 3; Doc. 6 at 3.

Garcia filed a complaint alleging violations of the FLSA against Triple D on October 29, 2010. *Id.* On July 6, 2011, Garcia filed a motion for conditional certification under § 216(b) of a class consisting of "over 130 Driver/Messengers employed by Triple D within the past three years who have been denied overtime pay." Doc. 24 at 1.

Triple D objected to the motion for conditional certification, claiming that the motion is untimely, the Plaintiffs are exempt from the overtime provisions of the FLSA and therefore are inadequate class representatives, and the putative class members are not similarly situated. Triple D also objected to the form and scope of the proposed notice. Doc. 33 at 10, 14.

Standard

"The FLSA allows multiple employees to bring action against an employer on behalf of themselves and other employees similarly situated." *Bejil v. Ethicon, Inc.*, 269 F.3d 477, 481 (5th

Cir. 2001). "Certification of a collective action suit is generally analyzed under a two step process. The first step is the conditional certification, or 'notice stage,' in which the district court decides whether to issue notice to potential class members." *Maynor v. Dow Chemical Co.*, 671 F.Supp.2d 902, 930 (S.D.Tex. 2009) (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir.1995)). Conditional certification "is often based only on the pleadings and affidavits that have been submitted" and therefore is made using a fairly lenient standard. *Id*. The pleadings on which the Court conditionally certifies the class must show "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *Id.* (quoting *Barron v. Henry County Sch. Sys.*, 242 F.Supp.2d 1096, 1103 (M.D.Ala. 2003)).

Analysis

Garcia has alleged sufficient facts to support conditional class certification. Garcia has alleged and Triple D has conceded that Triple D follows a policy or practice of paying a regular rate of pay towards all its drivers regardless of the number of hours they work. Doc. 1 at 3; Doc. 6 at 3. Triple D's employees are similarly situated with regard to Triple D's policy and their claims are suitable for class treatment. Additionally, Triple D's employees are similarly situated with regard to Triple D's principle defense in this case: whether the employees are exempt from the FLSA overtime provisions under the Motor Carrier Act exemption, which exempts from the FLSA's overtime requirements employees who operate vehicles with a GVWR of over 10,000 pounds. *See* Doc. 6 at 1. The validity of this defense will likely turn on the interpretation of questions of federal law and regulations applicable to all defendants. The factual issues relating to the defense–whether the class members drove vehicles with a GVWR above 10,000 pounds exclusively, or whether they also or exclusively drove vehicles with a GVWR below 10,000 pounds–do not preclude class treatment.

Triple D contends that conditional certification should be denied as untimely on the grounds that the Court's scheduling order set May 6, 2011 as the deadline to file motions to amend pleadings and join parties. Doc. 33 at 2; *see* Doc. 13. The Court's scheduling order contemplated addition of parties pursuant to Federal Rules of Civil Procedure 19 and 20, not motions for class certification. At this relatively early stage in the proceeding, the Court finds that Plaintiff's motion for conditional certification was not untimely.

Additionally, Triple D argues that conditional certification should be denied on the grounds that Garcia is an inadequate representative of the class. Doc. 33 at 4. Triple D asserts that Garcia is exempt from the overtime provisions of the FLSA because of the Motor Carrier Act exemption and therefore is an inadequate representative for a class seeking overtime compensation.

Garcia has alleged that he and all or most of Triple D's employees operated both vehicles with a GVWR of more than 10,000 pounds and vehicles with a GVWR of less than 10,000 pounds. Garcia's motion for conditional certification also explicitly excludes driver/messengers who operate *only* vehicles with a GVWR in excess of 10,000 pounds. Triple D's defense that Garcia may be exempt from the FLSA's overtime requirements applies with equal force to Garcia and to each member of the proposed class. Garcia is not, therefore, an inadequate representative.

Triple D also contends that application of the Motor Carrier Act exemption will turn on "fact intensive inquiries of the weight of the vehicles that the particular putative class member operated, the frequency with which the particular driver/messenger operated those vehicles, and the extent to which the putative class members transported property in the stream of interstate commerce." Doc. 33 at 12. Plaintiff responds that the weight of the vehicles can be determined

by reference to the vehicle information plate located on the driver's side door of each vehicle and that the frequency with which each class member operated these vehicles is ascertainable by reference to Triple D's route and maintenance records. Doc. 34 at 11. Contrary to Triple D's assertions, the fact inquiries at issue are not so troublesome as to prevent conditional certification.

Finally, Triple D contends that, in the event of conditional certification, the class should be limited to Triple D employees who worked for the company in the previous two years, corresponding to the statute of limitations for non-willful violations of the FLSA. Doc. 33 at 12; *see* 29 USC § 255. FLSA's three year statute of limitations applies only to willful violations of that statute. Triple D asserts that it relied on written findings of a Department of Labor's Wage and Hour Division investigator who determined that the driver/messenger position was exempt from the FLSA overtime provisions and therefore that any alleged violations were not willful.

"[F]acts concerning willfulness or bad faith must be elicited during discovery." *Foraker v. Highpoint Southwest, Services, L.P*, 2006 WL 2585047, *5 (S.D.Tex. Sept. 7 2006). Confronting an identical claim in *Foraker*, Judge Atlas determined that the fact specific question of "willfulness" was poorly suited for determination at the conditional certification state. This Court agrees. Because Garcia has alleged willful violations by Triple D, notice should issue for a three year period but the notice "shall explain clearly that claims of employees who have not worked for [Triple D] within the past two years may be time-barred and, if so, no recovery will be available." *Id.*

As Triple D contends, the Fifth Circuit has held that "in a FLSA collective action, the statute of limitations for a named plaintiff runs from the date that the plaintiff files the complaint, while the limitations period for an opt-in plaintiff runs from the opt-in date." *Sandoz v. Cingular*

*Wireless LLC*, 553 F.3d 913 (5th Cir. 2008). Accordingly, the statute of limitations will reach back three years from the date of this order granting conditional certification.

Conclusion

For the foregoing reasons, the Court hereby

**ORDERS** that Plaintiff's motion (Doc. 24) for conditional class certification is **GRANTED.** The Court certifies a conditional class of all hourly drivers/messengers employed by Triple D security in the last three years except those drivers/messengers who exclusively drove vehicles with a GVWR above 10,000 pounds.

**ORDERS** that Plaintiff file within ten days the revised proposed notice and consent documents consistent with this opinion for final Court approval.

SIGNED at Houston, Texas, this 6th day of March, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE